**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

———————————

No. 24-13005
Non-Argument Calendar

———————————

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

JARVIS BERNARD BOWENS,

*Defendant-Appellant.*

———————————

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 2:21-cr-00076-TPB-KCD-1

———————————

Before ROSENBAUM, LAGOA, and ABUDU, Circuit Judges.

PER CURIAM:

The government's motion to dismiss this appeal pursuant to the appeal waiver in the Appellant's plea agreement is GRANTED. *See United States v. Bushert*, 997 F.2d 1343, 1345, 1350–51 (11th Cir.

1993) (holding that we will enforce sentence appeal waivers if they are made "knowingly and voluntarily"); *United States v. Boyd*, 975 F.3d 1185, 1192 (11th Cir. 2020) (noting that the "touchstone" for assessing if a sentence appeal waiver was made knowingly and voluntarily is whether it was clearly conveyed to the defendant that he was giving up his right to appeal under most circumstances); *United States v. Weaver*, 275 F.3d 1320, 1333 (11th Cir. 2001) (concluding that an appeal waiver was enforceable where the court referenced the waiver provision during the plea colloquy and the defendant confirmed that he understood the waiver provision and entered into it voluntarily and freely).

Here, it is clear from the plea agreement and Rule 11 colloquy that Bowens knowingly and voluntarily waived his right to appeal his sentence on any ground, including the ground that the district court erred in determining the applicable guidelines range pursuant to the Sentencing Guidelines, except (a) the ground that the sentence exceeded the applicable guidelines range as determined by the court pursuant to the Sentencing Guidelines; (b) the ground that the sentence exceeded the statutory maximum penalty; or (c) the ground that the sentence violated the Eighth Amendment to the Constitution. Bowens's challenge on appeal—that the district court erred by imposing a two-level guidelines enhancement—does not fall within any of these exceptions, and we thus enforce the appeal waiver according to its terms.

**APPEAL DISMISSED.**